UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NATHANIEL R. BRAZILL,

    Plaintiff,

v.                                    Case No. 5:25-cv-109-TKW-MJF

JOSEPH M. FLOYD, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed because Plaintiff failed to comply with a court order and repeatedly has failed to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Florida.

### BACKGROUND

Plaintiff is a Florida prisoner housed at the Quincy Annex. Doc. 9. Plaintiff initiated this action on May 13, 2025, by filing a *pro se* civil-rights complaint and a motion for leave to exceed the 25-page limit imposed by Local Rule 5.7(B). *See* Docs. 1, 2; *see also* N.D. Fla. Loc. R. 5.7(B). Plaintiff is challenging the conditions of his confinement at the Jackson Correctional Institution in October 2021.

Page 1 of 14

## A.   Plaintiff's Complaint

Plaintiff's original complaint was thirty-eight pages long and named nine Defendants: Joseph Floyd, Glenn Hancock, James Conrad, Gary Brown, Timothy Benton, Blake Henson, Sheryl Keith, Jerry Schuler, and Angela Gordon. Doc. 1 at 3–6. All Defendants were officials of the Florida Department of Corrections. Plaintiff's claims were based on the following incidents that occurred at Jackson CI:

> ● On October 8, 2021, Defendant Brown, at Defendant Floyd's direction, intimidated Plaintiff and warned Plaintiff against writing grievances after he filed a September 16, 2021, grievance against Officer Darnell Barnes, who was not named as a Defendant in this action, for denying him access to the law library. *Id.* at 15–16.
>
> ● On October 28, 2021, Defendants Floyd and Benton threatened and intimidated Plaintiff after he wrote a letter to Defendant Gordon "complaining about the ongoing unlawful retaliation" by Defendant Hancock, who allegedly banned Plaintiff from working as a law clerk. *Id.* at 16–18. At Defendant Floyd's direction, Defendants Benton Brown, and Conrad searched Plaintiff's cell and left it in disarray. *Id.* at 17–19.
>
> ● On November 12, 2021, Defendant Shuler threatened Plaintiff and directed Defendant Conrad to place Plaintiff in solitary confinement after Plaintiff wrote several grievances complaining about the October 28, 2021, incident. Defendant Conrad also issued Plaintiff a disciplinary report ("DR") charging Plaintiff with disrespect to Defendant Shuler. *Id.* at 19–22.

- On November 18, 2021, Defendants Keith and Henson conducted a disciplinary hearing on the DR and found Plaintiff guilty. *Id.* at 22.

- Defendants Hancock and Gordon failed to take corrective action concerning the above incidents.

Plaintiff maintained that the Defendants were properly joined in a single lawsuit because they violated his First-Amendment rights through a "coordinated campaign" of retaliation for filing grievances, which the supervisory Defendants failed to correct. *Id.* at 23–24, 26–27.

**B.   The Undersigned's Order Requiring Plaintiff to Replead**

On May 20, 2025, the undersigned denied Plaintiff's motion to exceed the 25-page limit. Doc. 5 at 3. The undersigned determined that the excessive length was not warranted because Plaintiff improperly joined multiple defendants and unrelated claims. The undersigned explained the legal standard for joining parties and claims, Fed. R. Civ. P. 18(a), 20(a)(2), and the "logical relationship" test. Doc. 5 at 3–6. The undersigned also explained why Plaintiff's complaint violated these standards. *Id.* at 6–7. Additionally, the undersigned explained that the insertion of conclusory "supervisory liability" claims against higher ranking Defendants for denying Plaintiff's grievances about the unrelated events is an insufficient basis for joinder. *Id.* at 6.

The undersigned ordered Plaintiff to correct the misjoinder by filing an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Florida. *Id*. at 8. The undersigned specifically instructed Plaintiff that, among other requirements, any amended complaint must "name as Defendants only those persons who properly may be joined in one lawsuit under Rule 20(a)(2)," and "limit the factual allegations to the same incident or occurrence." *Id*. Furthermore, the undersigned warned Plaintiff that failure to correct the excessive-length and misjoinder problems likely would result in this case being dismissed for failure to follow an order of this court and failure to comply with applicable court rules. *Id*. at 10.

On June 9, 2025, Plaintiff filed his first amended complaint, Doc. 6, which he amended less than two weeks later. Doc. 9. Plaintiff's second amended complaint is the operative complaint.

## C.    **Plaintiff's Second Amended Complaint**

Plaintiff's second amended complaint is twenty-eight pages long. Doc. 9. Plaintiff's second amended complaint asserts claims of First-Amendment retaliation and supervisory liability against five

Defendants: Joseph Floyd, Glenn Hancock, Gary Brown, Timothy Benton, and Angela Gordon. Plaintiff's claims are based on two separate incidents that occurred at Jackson CI on October 8, 2021, and October 28, 2021. *Id.* at 18–19. Although Plaintiff removed a few Defendants and claims from his second amended complaint, he once again exceeded the page limit and improperly joined the remaining Defendants.

The facts surrounding the October 8, 2021, incident are as follows:

- On September 16, 2021, Officer Donnell Barnes, who is not a party to this action, denied Plaintiff access to the prison's law library. *Id.* at 8.

- On October 2, 2021, Plaintiff filed a formal grievance with Defendant Hancock regarding the September 16, 2021, incident. *Id.* at 8–9.

- On October 8, 2021, Defendant Brown, at Defendant Floyd's direction, intimidated Plaintiff and warned him against writing further grievances. *Id.* at 9.

- At the time of this incident Defendants Floyd and Hancock held supervisory roles at Jackson Correctional Institution and Defendant Gordon served as the regional director of the institution. *Id.* at 8–10.

Plaintiff asserts a First-Amendment retaliation claim against Brown and supervisory liability claims against Floyd, Hancock, and Gordon for the "harassment and intimidation" that allegedly occurred on October 8, 2021. *Id.* at 18–19.

The facts surrounding the October 28, 2021, incident are as follows:

● On October 18, 2021, Plaintiff wrote a letter to Defendant Gordon complaining about "the ongoing unlawful retaliation by [Defendant] Hancock banning him from assignment as a Law Clerk." *Id*. at 10.

● Defendant Gordon notified Defendants Hancock and Floyd about the October 18, 2021, letter. *Id*. at 11.

● On October 28, 2021, Defendant Floyd and Benton made intimidating and threatening statements to Plaintiff because of his grievances. *Id*. at 11–12.

● Defendant Floyd directed Defendants Benton and Brown "to go to [Plaintiff's] dorm." Defendants Benton and Brown searched Plaintiff's room and left it in disarray. *Id*. at 12.

Plaintiff asserts First-Amendment retaliation claims against Floyd, Benton, and Brown for threats, harassment, intimidation, and the search that occurred on October 28, 2021. *Id*. at 19. He also asserts claims of supervisory liability and failure to train against Hancock and Gordon related to the October 28, 2021, incident. *Id*.

## FEDERAL RULES REGARDING PLEADING AND JOINDER

### A. The Local and Federal Pleading Standards

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Northern District of Florida

Local Rule 5.7 imposes a 25-page limit on *pro se* civil-rights complaints. *See* N.D. Fla. Loc. R. 5.7(B).

## B. <u>The Federal Standard for Joinder</u>

The Federal Rules of Civil Procedure permit a plaintiff to join only ***related*** claims and defendants in a single complaint. In order to properly join defendants under Rule 20, the plaintiff must establish that he is asserting a right to relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," ***and*** that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Once a plaintiff establishes that each defendant is properly joined, only then may he join as many claims as he has against each party per Federal Rule of Civil Procedure 18(a); *see* Charles Alan Wright, et al., Federal Practice and Procedure § 1585 (3d ed. Apr. 2018) ("Once parties are properly joined under [Rule 20] as to a particular claim, additional claims, whether they are related or unrelated or they are by or against all or less than all of the parties may be joined under Rule 18(a).").

Courts apply the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See, e.g., Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). "Under this test, there is a logical relationship when the same operative facts serve as the basis of [the] claims. . . ." *Republic Health*, 755 F.2d at 1455 (internal quotation marks omitted).[1]

In applying rules regarding joinder, the court also must consider the Prison Litigation Reform Act ("PLRA") and its goals of preventing unwieldy litigation, ensuring the payment of filing fees, and limiting prisoners' ability to bring frivolous cases. As the Seventh Circuit observed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007):

> Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that

---

[1] The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13. *See Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010).

any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

507 F.3d at 607.

## DISCUSSION

**A.    Plaintiff Failed to Reduce the Excessive Length of His Complaint**

At twenty-eight pages long, Plaintiff's second amended complaint still exceeds the 25-page limit, despite the undersigned ordering Plaintiff to bring his complaint into compliance with Local Rule 5.7(B). The excessive length is not warranted and, in fact, is a direct result of Plaintiff continuing to mis-join multiple Defendants and unrelated claims, as discussed below. In addition, Plaintiff alleges numerous irrelevant and unnecessary facts, some of which date back to November 2015. Doc. 9 at 9, 13.

**B.    Plaintiff Failed to Correct the Misjoinder**

Although Plaintiff dropped four Defendants named in the original complaint, Plaintiff still fails to plead at least one claim involving all five Defendants that arises out of the same occurrence. *See* Fed. R. Civ. P. 20(a)(2). Instead, Plaintiff continues to assert unrelated claims against multiple prison officials arising out of two separate incidents, which

stemmed from two separate grievances Plaintiff filed on two different dates. Because Plaintiff's claims do not rest on the same operative facts, he cannot satisfy the requirements of Rule 20.

Plaintiff's conclusory allegation that both incidents were rooted in retaliation for Plaintiff's grievance-writing is an insufficient basis for joinder. *See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (per curiam) (prisoner failed to demonstrate that Eighth-Amendment claims against multiple defendants arose out of same occurrence or series of occurrences where the only "connection between the people and events described" was that the action allegedly "showed indifference to his failing health"); *Daker v. Ward*, No. 22-10632, 2023 WL 3317984, at *3 (11th Cir. May 9, 2023) (prisoner's conclusory allegation that defendants were properly joined because they maintained, executed, or enforced the same department policies and customs that violated prisoner's First-Amendment right of access to the courts was insufficient to satisfy Rule 20).

Similarly, Plaintiff's attempt to tie both incidents to an "ongoing unlawful retaliatory campaign" begun by Hancock and permitted by Gordon is unavailing. *See* Doc. 9 at 9–10, 13–16. According to Plaintiff,

the "retaliatory campaign" involved Hancock's decisions not to give Plaintiff a work assignment in the law library at Jackson CI from January 2020 to December 2021, and Hancock's and Gordon's failure to remedy another officer's (Jonathan Jones) retaliatory transfer of Plaintiff from Graceville CF to Jackson CI in January 2020. *Id.* at 9, 14–16. These allegations of retaliation against Hancock and Gordon were the subject of two prior lawsuits that ended in final judgments on the merits *against Plaintiff* and *in favor of Hancock and Gordon. See Brazill v. Jones*, 2024 WL 1723555 (N.D. Fla. Apr. 1, 2024), *report and recommendation adopted*, 2024 WL 1717392 (N.D. Fla. Apr 22, 2024); *Brazill v. Brannon*, 2024 WL 3260911 (N.D. Fla. June 11, 2024), *report and recommendation adopted*, 2024 WL 3253079 (N.D. Fla. July 1, 2024). Thus, Plaintiff's attempt to derive a basis for joinder from these previously litigated facts and claims is precluded. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (explaining claim preclusion and issue preclusion).

In short, despite the undersigned giving Plaintiff notice, an opportunity to comply, and a warning about the consequences of non-compliance, Plaintiff again has mis-joined multiple Defendants and unrelated claims without a plausible basis for joinder.

C. <u>**The Appropriate Sanction Is Dismissal Without Prejudice**</u>

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). Thus, a district court may dismiss a complaint *sua sponte* when a plaintiff fails to comply with a court order requiring him to correct misjoinder. *See Daker*, 2023 WL 2023 WL 3317984, at *3 ("[I]t was within the discretion of the district court to manage its docket by dismissing the amended complaint for failing to comply with its order [to correct misjoinder]." (quoting *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998))); *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. July 16, 2015) (dismissing claims because plaintiff's complaint "alleged a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates").

A district court also may dismiss a complaint *sua sponte* when a plaintiff fails to comply with the Northern District's 25-page rule. *See Logan v. Godwin*, No. 22-14171, 2023 WL 5528912, at *2 (11th Cir. Aug.

28, 2023) (district court properly dismissed case without prejudice "to enforce its orders and insure prompt disposition of law suits" after *pro se* plaintiff disregarded clear instructions not to exceed the page age limitation)

In light of Plaintiff's noncompliance after receiving notice of the page-length and joinder requirements—and a dismissal warning—the undersigned recommends that the District Court dismiss this case without prejudice. *Daker*, 2023 WL 3317984, at *3 (denying a second leave to amend and dismissing the complaint after the plaintiff failed to comply with joinder requirements and an order to correct the misjoinder).

## CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice for Plaintiff's failure to comply with a court order and applicable court rules.

2. **DIRECT** the clerk of court to close this case file.

At Pensacola, Florida, this 1st day of July, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**